VIRGINIA PAYNE MARTINDELL, petitioner-appellant,

*v.*

JACKSON MARTINDELL, defendant-respondent.

[Submitted May 26th, 1944—Decided September 14th, 1944.]

*Mr. George W. C. McCarter,* for the appellant.

*Mr. John M. McGeehan, Jr.,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This appeal is an aftermath of a wife's divorce suit, in which her petition was, dismissed, and her application for taxed costs, "suit money" and counsel fee was denied by decree of the Court of Chancery. She appealed to this court, unsuccessfully as to the gravamen of the suit, but we reversed the decree as regards the taxed costs, "suit money" and counsel fee, and remanded the cause with direction to award "costs and reasonable counsel fee" to the wife. *Martindell* v. *Martindell, 133 N. J. Eq. 267, 269.* No mention of "suit money" appears in our opinion, and our decree remands the case "with direction that costs and reasonable counsel fee be assessed against the defendant respondent and in favor of the petitioner appellant." Accordingly, the Court of Chancery, by an order dated March 9th, 1944, directed the hus-

band to pay (a) the sum of $522.27 costs and counsel fee in this court: (b) the sum of $370, cost of stenographic transcript to be part of the costs: (c) a counsel fee of $2,000: and (d) taxable costs in Chancery. That order is before us on the present appeal; and it is argued that the counsel fee of $2,000 is inadequate: and that the refusal or failure to order the payment of "suit money" was erroneous.

As to the counsel fee of $2,000, we see no reason to interfere with the decision of the trial court: and as regards the claim of "suit money" it is to be observed, as already noted, that the opinion of this court, *ubi supra,* does not mention it at all, but that the words "suit money" occur only in the decree of reversal and *remittitur,* drawn by counsel for the the wife, and, as usual in such cases, not submitted to the court before filing; and, moreover, the express direction to the court below in the decree of reversal does not mention "suit money" at all. That court, of course, was bound by the *remittitur,* and the proper remedy for any error or omission in that regard was by application to this court for an amendment of such *remittitur.* *Kurth* v. *Maier, 134 N. J. Eq. 511.*

The decree under review is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.

*For reversal*—None.